# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-48-MJR |
| | ) |
| JODY HATHAWAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary relief for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court is Plaintiff's motion to file an amended complaint (with attached amended complaint) (Doc. 7).

Rule 15(a)(1)(A) states that Plaintiff may amend his complaint once as a matter of course before being served with a responsive pleading. Because this case is still under threshold review, Defendants have not been served and, therefore, no responsive pleading has been served. Therefore, while Plaintiff does not technically need leave to file his complaint, Plaintiff's motion for leave to file an amended complaint (Doc. 7) is **GRANTED**.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**[1]

Liberally construing the complaint, Plaintiff alleges that on February 9, 2006, Defendant Hathaway directed that Plaintiff be placed in a "suicide watch cell" after Plaintiff refused to take down his hair braids. During this confrontation, Plaintiff asserts that Defendant Sommer falsely told Hathaway that Plaintiff had stated that he would kill himself. Plaintiff contends that Hathaway placed him in a "suicide watch" cell, without any clothing or blankets, that had "frigid temperatures." Plaintiff states that he remained in the cell for four days. As a result, Plaintiff contends that he suffered "hypothermia.".

Plaintiff alleges that on March 14, 2006, Defendant Sommer slammed Plaintiff's face into a cell door causing injuries to his face.

Plaintiff further alleges that on March 23, 2006, Defendant Sommer slammed him into a cell causing injuries to Plaintiff's right shoulder, collar bone, and lower back. Plaintiff contends that Defendant Sommer falsely charged him with a disciplinary report for assaulting prison staff in an

---

[1]For purposes of this § 1915A review, the "complaint" consists of both the original complaint and the first amended complaint plus all attachments and exhibits thereto.

attempt to cover-up Sommer's wrongdoing. Plaintiff contends that on March 26, 2006, Defendants Groaning and Trigg found him guilty of this conduction violation because they were acting in a conspiracy with Sommer and Hathaway to kill Plaintiff. As a result of the disciplinary charge, Plaintiff received the following sanctions: (1) 6-months C grade; (2) 6 months segregation; (3) loss of 6-months good conduct credit; and (4) 6-months restriction on contact visits.

**DISCUSSION**

Plaintiff's claims that: (1) Defendant Hathaway violated his Eighth Amendment rights by placing him in a cold cell without clothing or a blanket for 4 days; (2) Defendant Sommer violated his Eighth Amendment rights by using excessive force against him on March 14; and that Defendant Sommer violated his Eighth Amendment rights by using excessive force against him on March 23 survive review under § 1915A and will not be dismissed at this time.

Plaintiff's claims against Defendants Groaning and Trigg concerning the March 26th disciplinary action, however, must be dismissed pursuant to § 1915A. A § 1983 action that would undermine the validity of a prison disciplinary conviction which directly affects the length of confinement cannot proceed until the prisoner has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *see Edwards v. Balisok*, 520 U.S. 641 (1997); *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). Plaintiff's § 1983 action challenge to the March 26th disciplinary action would directly call into question the revocation of 6 months of good conduct credit that was meted out as part of that action. Because the disciplinary punishment affects the duration of Plaintiff's sentence, habeas corpus is the only appropriate vehicle for Plaintiff's claims, but only after Plaintiff has exhausted his remedies through the Illinois state courts.

3

*See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants **GROANING** and **TRIGG** are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. 7) is **GRANTED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HATHAWAY and SOMMER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HATHAWAY and SOMMER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of

4

the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 18th day of July, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**